**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Westphal, | No. CV-22-01543-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Rodney Westphal's application for a period of disability and disability insurance benefits by the Social Security Administration ("SSA"). (A.R. 10-29.) The Court has reviewed the briefs (Docs. 12-14) and the Administrative Record (Doc. 9, "A.R."), and now affirms the Administrative Law Judge's ("ALJ") decision.

**I.   BACKGROUND**

Plaintiff filed an Application for Disability Insurance Benefits on October 24, 2018, for a period of disability beginning on September 15, 2018, which he later amended to October 15, 2018. (A.R. 13, 34-35, 225.) His claim was initially denied on August 5, 2019, and again upon reconsideration on October 28, 2019. (*Id.* at 65-104, 109-27.) On May 18, 2021, Plaintiff telephonically appeared before the ALJ for a hearing regarding his claim, which the ALJ denied on June 16, 2021. (*Id.* at 30-64, 10-29.) On July 25, 2022, the Appeals Council denied Plaintiff's Request for Review and adopted the ALJ's decision as the agency's final decision. (*Id.* at 1-6.) Plaintiff now seeks judicial review with this Court

pursuant to 42 U.S.C. § 405(g).

The Court has reviewed the record and will discuss the pertinent evidence in addressing the issues raised by Plaintiff. Upon considering the medical evidence and opinions, the ALJ concluded that Plaintiff had the following impairments: lumbar degenerative disc disease with prior L5-S1 fusion surgery, failed back syndrome, right foot osteoarthritis, peripheral neuropathy, and mild obesity. (A.R. at 15.) The ALJ found that Plaintiff did not have any impairments or combination of impairments that met or equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 17.)

Next, the ALJ determined Plaintiff's residual functional capacity ("RFC").* The ALJ found that Plaintiff has the RFC to perform "light work" as defined in 20 C.F.R. § 416.967(b) with certain limitations. Here, the ALJ determined that Plaintiff can (1) perform light work while sitting/standing every 30-60 minutes; (2) frequently balance; (3) occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds; and (4) work in an environment without concentrated exposure to extreme cold, vibration, and work hazards such as unprotected heights and being around dangerous moving machinery. (*Id.* at 18.) Based on this RFC, the ALJ found Plaintiff capable of performing past relevant work as an auto body repair supervisor as defined at 20 C.F.R. § 404.1565. (*Id.* at 21-22.) The ALJ also noted that Plaintiff can perform a "significant" number of other jobs because of his age, education, work experience, and RFC. (*Id.* at 23.) Therefore, the ALJ concluded that Plaintiff was not disabled from the alleged disability onset date through the date of the decision. (*Id.* at 24.)

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability

---

* Residual functional capacity refers to the most a claimant can do in a work setting despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).

determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the whole record. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019); *see also Thomas v. CalPortland*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work

experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## III. DISCUSSION

Plaintiff raises two arguments for the Court's consideration. First, Plaintiff contends that the ALJ erred in rejecting the assessment of his treating physician, Clifford Baker, M.D. (Doc. 12 at 10-18.) Second, Plaintiff argues that the ALJ erred in rejecting his symptom testimony. (*Id.* at 18-25.)

### A. Medical Opinion Evidence

Plaintiff first argues that the "ALJ committed materially harmful error by rejecting the treating assessment from Dr. Baker without providing sufficient explanation supported by substantial evidence, including failing to explain the consideration of the supportability and consistency factors under the regulations for evaluation of medical source opinions." (*Id.* at 10.)

In 2017, the Commissioner revised the regulations for evaluating medical evidence for all claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). Because Plaintiff filed his claim after the effective date, the revised rules apply. (A.R. 13, 34-35, 225.) Unlike the old regulations, the revised rules do not require an ALJ to defer to the opinions of a treating physician nor assign every medical opinion a specific evidentiary weight. 20 C.F.R. §§ 404.1520c(a), 416.920c(a); *see also Lester v. Charter*, 81 F.3d 821, 830-31 (9th Cir. 1995) (requiring an ALJ to provide "specific and legitimate reasons" supported by substantial evidence in the record when rejecting a treating physician's opinion).

The revised rules instead require the ALJ to consider all opinion evidence and determine the persuasiveness of each medical opinion's findings based on factors outlined in the regulations. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). The most important factors ALJs consider are "consistency" and "supportability" 20 C.F.R. §§ 404.1520c(b)(2). Supportability focuses on evidence intrinsic to the medical opinion, requiring adjudicators to look at the relevance of the objective medical evidence and

- 4 -

explanations cited as support for the physician's medical opinion. *Id.* § 404.1520c(c)(1). In contrast, consistency focuses on evidence extrinsic to the medical opinion, requiring adjudicators to compare consistency of the opinion to other evidence in the record. *Id.* § 404.1520c(c)(2). The ALJ can, to a lesser degree, consider other factors such as the length and purpose of the treatment relationship, the kinds of examinations performed, and whether the medical source examined the claimant. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Recently, the Ninth Circuit held that the revised rules clearly intended to abrogate its precedent requiring ALJs to provide "specific and legitimate reasons" for rejecting a treating physician's opinion. *Id.* Nevertheless, "[e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.* Therefore, an ALJ, "must 'articulate…how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. § 404.1520c(b), (b)(2)) (internal citations omitted).

The record reflects that Dr. Baker completed a medical assessment of Plaintiff's ability to perform work related activity in January 2021. (A.R. 696-97.) In the assessment, Dr. Baker limited Plaintiff to less than sedentary work because of his difficulty walking, weakness, paralysis, swollen feet, imbalance, falls, and use of crutches and a walker. (*Id.* at 696.) The ALJ deemed Dr. Baker's medical opinion unpersuasive for two reasons. First, the ALJ found that Dr. Baker's own treatment notes failed to support his opinion as to Plaintiff's limitations "and instead reflected consistent and significant pain relief with medicine." (*Id.* at 21.) Second, the ALJ found Dr. Baker's conclusions "inconsistent with the weight of the evidence of record." (*Id.*) This inconsistency included documentation of Plaintiff's positive responses to medicine and post-surgery treatment, examination results demonstrating normal gait, and daily activities. (*Id.*) Altogether, the ALJ found that the inconsistencies "suggested Dr. Baker's findings were largely based on subjective

complaints without support from the objective medical evidence." (*Id.* at 21-22.)

However, Plaintiff argues that the ALJ's reasoning is insufficient because (1) the ALJ failed to provide sufficient reasons for rejecting Dr. Baker's assessment as inconsistent with his treatment notes (Doc. 10 at 11); (2) the ALJ's belief that Dr. Baker's records reflected that Plaintiff had positive results from medicine and post-surgery treatment is inaccurate (*id.* at 13-15); and (3) the ALJ failed to demonstrate that a substantial part of Plaintiff's day was spent in activities inconsistent with disabling limitations (*id.* at 15-16). The Court finds that the ALJ adequately addressed the supportability and consistency factors in finding Dr. Baker's opinions unpersuasive.

The ALJ adequately explained that Dr. Baker's conclusions regarding Plaintiff's alleged limitations lacked support from Dr. Baker's treatment notes. (A.R. 21.) Plaintiff argues that contrary to the ALJ's findings, the limitations Dr. Baker noted in his medical opinion appear throughout his treatment notes. (Doc. 10 at 12.) But instead of citing notes Dr. Baker took himself, Plaintiff only cites to his own symptom reports—which are not objective medical findings. (*Id.*) Additionally, as Plaintiff acknowledges, Dr. Baker's treatment notes lack mention of Plaintiff's use of crutches or a walker. (*Id.*) Finally, despite Dr. Baker's opinion of Plaintiff's severe limitations, as the ALJ acknowledged, Dr. Baker's treatment notes reflected ongoing pain relief with medications. (A.R. 21, 696-97, 698-749); *Westman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989) (a doctor's opinion may be rejected where it is inconsistent with the doctor's own treatment notes); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits"). And Plaintiff's alternative interpretation of the medical records does not negate the ALJ's determinations. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2017) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") (internal quotation marks and citation omitted).

The ALJ's finding that Dr. Baker's opinion was inconsistent with the weight of the

evidence of record is also supported by substantial evidence. The ALJ was not required to give weight to Dr. Baker's opinion to the extent it was inconsistent with other evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989) (ALJs may reject physician opinions when "test results, reports from other physicians, testimony from the claimant, or other evidence conflicts with the opinion."). Dr. Baker opined that Plaintiff had difficulty walking, used crutches and/or a walker, and was affected by paralysis. (A.R. 696.) But as previously noted, Plaintiff's physical examinations demonstrated normal gait without the use of an assistive device. (*Id.* at 20.)

Finally, substantial evidence supports the ALJ's assessment that Plaintiff's daily activities negate a disability finding. Plaintiff argues that the ALJ failed to explain how Plaintiff's activities demonstrated his ability to work. (Doc. 12 at 16.) But the cases Plaintiff cites are inapplicable here because they only address when an ALJ may reject a claimant's symptom testimony. (*Id.*); *see Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001); *see also Baker v. Comm'r of Soc. Sec. Admin.*, 2022 WL 2390945, at *5 (D. Ariz. July 1, 2022). And Plaintiff presents no case asserting that an ALJ must describe how a claimant's activities demonstrate their ability to work before rejecting a care provider's opinion. Accordingly, the Court finds that the ALJ's determination that Dr. Baker's medical opinion was unpersuasive is supported by substantial evidence and free from legal error.

### B.     Symptom Testimony

Plaintiff next argues that the ALJ erred in rejecting his symptom testimony without providing clear and convincing reasons. (Doc. 12. at 18.) An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ considers whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Then, provided there is no evidence of malingering, the ALJ must evaluate the claimant's statements in context of the objective medical evidence and other evidence in the record.

*See* 20 C.F.R. § 404.1529(c)(2)-(3). At this step, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (internal quotation marks omitted). This requirement prevents an ALJ from "arbitrarily discredit[ing]" the claimant's subjective symptom testimony. *Thomas*, 278 F.3d at 958.

Despite the "clear and convincing standard [being] the most demanding required in Social Security cases," *Garrison*, 759 F.3d at 1015 (internal quotation marks and citation omitted), the ALJ need not "believe every allegation of disabling pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Instead, when assessing the claimant's credibility, the ALJ may consider "inconsistencies either in [the] claimant's testimony or between his testimony and his conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [the] claimant complains." *Thomas*, 278 F.3d at 958-59 (internal quotation marks and citation omitted). Should a district court find that the ALJ's specific, clear, and convincing reasons are supported by substantial evidence, the court must not second guess the ALJ's judgment and should affirm the ALJ's decision. *See Fair*, 885 F.2d at 604.

In evaluating Plaintiff's testimony, the ALJ determined that step one was satisfied as Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 19.) At step two, however, the ALJ rejected Plaintiff's symptom testimony because his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) The ALJ provided three reasons for rejecting Plaintiff's symptom testimony: (1) the testimony was inconsistent with the objective medical record; (2) the evidence contained inconsistent statements by Plaintiff; and (3) the testimony was inconsistent with Plaintiff's daily activities. (*Id.* at 19-21.) The Court finds that the ALJ's reasoning is supported by substantial reasoning.

The ALJ referred to Plaintiff's allegations of back, legs, and feet pain several times. (*Id.* at 19.) The ALJ noted the record shows findings of normal coordination and functions,

with Plaintiff's spine lacking subluxation, laxity, swelling, or atrophy. (*Id.* at 20.) Regarding Plaintiff's allegations that he had difficulty walking, the ALJ also emphasized that Plaintiff had mostly normal gait, strength, and good posture during examinations. (*Id.*) Additionally, a physician deemed Plaintiff's use of assistive devices unnecessary. (*Id.*) This specificity satisfies the standard set forth in 42 U.S.C. § 423(d)(5)(A). *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Moreover, the ALJ noted Plaintiff's inconsistencies in his own testimony. Plaintiff's testimony of multiple falls was contradicted by the record, which only included one self-reported claim of a fall in late 2019. (A.R. 19-20, 54.) Plaintiff's claim that he needed a cane and/or crutches was also inconsistent with the multiple examination reports demonstrating that he did not rely on an assistive device. (*Id.* at 20); *see Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (noting that a claimant's inconsistent testimony is relevant to the testimony's credibility).

Finally, the ALJ pointed to several activities which undermined Plaintiff's allegations of the debilitating degree of his symptoms. As the ALJ noted, Plaintiff personally cares for himself; prepares meals; performs cleaning and other housework; walks as a means for transportation; drives short distances; regularly swims; grocery shops; and leaves home daily. (A.R. 21.) Based on these and other discrepancies between Plaintiff's reported symptoms and the record, it was reasonable for the ALJ to conclude that his impairments had lesser impacts on his activities of daily living than he alleged. *See Fair*, 885 F.2d at 603; *see also Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 694 (9th Cir. 2009) (noting that claimant's activities may suggest that their claims about the severity of the limitations were exaggerated).

Because the ALJ offered specific conclusions on why Plaintiff's testimony was not credible, the ALJ properly discounted Plaintiff's symptom testimony. "Our cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The ALJ properly assessed Plaintiff's pain and the Court finds no

error.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** affirming the June 16, 2021 decision by the Administrative Law Judge and the Commissioner of the Social Security Administration.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment consistent with this Order and close this case.

Dated this 11th day of September, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge